IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Lamansda McClure, Petitioner,

v.

Colie Rushton, Warden of McCormick Correctional Institution, Respondent.

Civil Action No.8:07-461-MBS-BHH

**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the respondent's motion for summary judgment (Docket Entry # 19) and the petitioner's motions for discovery (Docket Entry # 9) and to compel (Docket Entry # 14).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on February 22, 2007.[1] On June 11, 2007, the respondent moved for summary judgment. By order filed June 12, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On July 12, 2007, the petitioner filed a response.

[1]The petitioner's envelope does not reflect a prison mailroom stamp. Further, the postmark reflects it was mailed on February 22, 2007, from the Spartanburg zip code 29301, but the petitioner's address at the prison has the zip code 29899. The package was received and filed by the Clerk of this Court on February 23, 2007. Because there is nothing to show this envelope was sent through a prison mailroom, the petitioner is not entitled to the benefit of the rule in *Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to District Court). *See Grate v. Rushton*, 2007 WL 3145016 (D.S.C. 2007). Therefore, the undersigned has used the postmark date of February 22, 2007,as the filing date.

## PROCEDURAL FACTS

The petitioner is currently confined to the McCormick Correctional Institution of the South Carolina Department of Corrections. In February 1991, the Spartanburg County Grand Jury indicted the petitioner for murder, assault and battery with intent to kill ("ABIK"), and armed robbery. The State served notice of intent to seek the death penalty. The petitioner was represented at trial by attorneys David E. Turnipseed and W. Barry Bland. In December 1991, the petitioner was tried before the Honorable James B. Stephen and a jury. On December 16th, the jury convicted the petitioner on all three counts and the sentencing phase began December 18th. Even though the jury found two aggravating factors, it recommended a life sentence. Judge Stephen then sentenced the petitioner to life for the murder charge and twenty years for the ABIK and twenty-five years for the armed robbery charge, both to run consecutively to the life sentence. The petitioner filed a timely notice of appeal.

On appeal, Assistant Appellate Defender Tara D. Shurling raised the following issues:

> 1. The lower court erred in denying the Appellant's Motion to Suppress from Evidence State's Exhibit #3, a statement made by Appellant on January 18, 1991, where said statement was clearly coerced.
>
> 2. The lower court erred, and thereby violated the Appellant's right to due process of law, by denying defense counsel's motion for a jury instruction defining the offense of accessory after the fact and distinguishing that offense from that of a principle to the crimes of armed robbery and murder.

On August 25 , 1993, the South Carolina Supreme Court transferred the case to the South the South Carolina Court of Appeals and that court affirmed the petitioner's convictions on January 24 , 1994. *State v. McClure*, 440 S.E.2d 404 (S.C. Ct. App. 1994). The petitioner's motion for a rehearing was denied on March 3 , 1994. The petitioner filed a

petition for a writ of certiorari with the South Carolina Supreme Court on April 4, 1994, raising the following issues:

> 1. The Trial court erred in denying the Petitioner's Motion to Suppress from Evidence State's Exhibit #3, a statement made by Petitioner on January 18, 1991, where said statement was clearly coerced.
>
> 2. The Court of Appeals erred in concluding that the issue hinged on the credibility of the police officers who took his statement versus that of the Petitioner and his family members where, the coercive nature of the circumstances surrounding the taking of this statement was in fact evidenced by the blatant inconsistences between the testimony of the two key police officers involved in this dispute. The Court of Appeals further erred in failing to consider the unreliability between the statement and the uncontroverted facts concerning the commission of these crimes.
>
> 3. The trial court erred, and thereby violated the Petitioner's right to due process of law, by denying defense counsel's motion for jury instruction defining the offense of accessory after the fact and distinguishing that offense from that of a principal to the crimes of armed robbery and murder.
>
> 4. The Court of Appeals erred in ruling that the evidence adduced at the Petitioner''s trial did not support his request for instructions distinguishing the that offense from that of a principal to the crimes of armed robbery and murder.

On October 20 , 1994, the South Carolina Supreme Court denied the petition for writ of certiorari. The Remittitur was sent down on October 24, 1994. On July 6, 2005, the petitioner filed an application for post conviction relief ("PCR") raising the following grounds for relief:

> 1. My argument is that I have a right to be tried in the Magistrate Court in the County where my crimes were allegedly committed under Article I, Section 11 of the South Carolina Constitution and the Magistrates Criminal Statues, which is jurisdictional. See Anderson v. Anderson, 299, S.C. 110; 115; 382 S.E.ed. 897;900 (S.C. 1989).
>
> 2. Sentence violates the state constitution for failure to provide rehabilitative services.

A hearing was held on May 25, 2006, before the Honorable Roger L. Couch. The petitioner was represented by appointed counsel Shawn M. Campbell. On July 12, 2006, Judge Couch dismissed the petitioner's PCR application with prejudice on the grounds that the claims had been waived or were barred by the state statute of limitations. On August 7, 2006, the petitioner filed an appeal of this dismissal in the South Carolina Supreme Court. On August 11, 2006, the Clerk of the South Carolina Supreme Court sent an letter to petitioner's counsel for an explanation as to why the appeal should not be dismissed pursuant to Rule 227(c), SCACR. On August 21, 2006, the petitioner's counsel sent a letter to the court providing the requested explanation. On August 31, 2006, the South Carolina Supreme Court dismissed the appeal finding no arguable basis to support the appeal. The remittitur was sent down on September 18, 2006. On February 22, 2007, the petitioner filed this action for habeas relief.

## APPLICABLE LAW

### Summary Judgment Standard

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that

a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

**Statute of Limitations**

The respondent contends that this habeas petition should be dismissed because it was not timely filed within the one-year statute of limitations for filing habeas petitions. The undersigned agrees.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. 2244(d). The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not at the end of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. If a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe,* 257 F.3d 395 (4th Cir. 2001).

As noted above, the statute of limitations for filing a habeas action is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the State PCR process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v.*

*Lee,* 196 F.3d 557, 561 (4th Cir. 1999). However, a State PCR proceeding must be "properly filed" for the statutory tolling provisions of § 2244(d)(2) to apply. "When a post-conviction petition is untimely under state law, it is not considered "properly filed" and 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGulielmo*, 544 U.S. 408, 414 (2005)(*quoting Carey v. Saffold*, 536 U.S. 214, 236 (2002)).

The petitioner was convicted on December 16, 1991, and sentenced on December 18, 1991. The petitioner filed a timely direct appeal. The petitioner's direct appeal concluded on October 24, 1994, when the Supreme Court of South Carolina issued its remittitur. Because the petitioner's conviction became final before the enactment of the AEDPA, he had until April 24 ,1997 to file his federal habeas corpus action unless the period was at any time tolled. *Hernandez v. Caldwell*, 225 F.3d 435 (4 Cir. 2000).

On July 6, 2005, the petitioner filed for an application for PCR. However, the one-year statute of limitations as stated in 28 U.S.C. § 2244(d) had already run on April 24, 1997. Thus, the filing of his PCR application did not toll his time within which he had to file this habeas action. Almost nine years of untolled time had passed between April 24, 1996, and February 22, 2007, when the petitioner filed this habeas action.[2] Accordingly, this habeas action is time barred.

As to the petitioner's argument that he is entitled to an equitable tolling of the time period, the court finds this argument without merit. To be entitled to equitable tolling, the petitioner must show that there was an "'extraordinary circumstance,' (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4 Cir. 2003). In *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000), the Fourth Circuit Court of Appeals held equitable tolling has been applied in two

[2] *See* n. 1, infra. The court further notes the earliest possible date which could be used as the filing date for this habeas petition is the date the petitioner signed his memorandum, February 20, 2007. (Pet. Ex. 2.) Even using the earliest possible date, the petitioner's habeas action is still untimely.

kinds of situations. In the first situation, the petitioners were prevented from asserting their claims by some kind of wrongful conduct on the part of the respondent and in the second, extraordinary circumstances beyond the petitioners' control made it impossible to file their claims on time. The court concluded that "any resort to equity must be reserved for those rare instances where -due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* at 330. The petitioner has not set forth any such extraordinary circumstances.

The petitioner contends that the filing of his PCR was not untimely because his records were destroyed in a family house fire and it took time to recreate the records. It is unclear exactly when this fire occurred. The fire would have had to have occurred prior to April 24, 1997, to have prevented him from timely filing this habeas action. In any event, an unsupported and self-serving statement about a house fire is not sufficient to support a finding of extraordinary circumstances.[3]

In his reply memorandum, the petitioner contends he is actually innocent.[4] Initially the undersigned notes that an actual innocence claim is a procedural gateway to assert an otherwise defaulted claim. While some courts recognize an "actual innocence" ground for equitable tolling of the one year period, the Fourth Circuit has not. *See Doe v. Menefee*, 391 F.3d 147 (2nd Cir. 2004); *Souter v. Jones,* 395 F.3d 577 (6th Cir.2005). In any event, in order to raise actual innocence, the petitioner must demonstrate that no reasonable juror would convict him in light of new evidence not presented at trial. *Bousley v. United States*,

---

[3]The court notes that copies of the records which might have been lost in a fire are available from the appropriate government offices and courts.

[4]The court notes the petitioner filed a motion to amend his response pursuant to Rule 15, Fed. R. Civ. P., and include a claim of actual innocence. (Docket Entry # 25.) This motion is unnecessary as the petitioner raised the actual innocence claim in his response opposing the respondent's summary judgment motion. (Pet'r's Mem. Opp. Summ. J. at 4-6.) Accordingly, the court recommends this motion be denied.

523 U.S. 614, 623 (1998) (*quoting Schlup v. Delo*, 513 U.S. 298, 327-328 (1995)). Here, there is no new evidence. The petitioner's claims are not based on any evidence that was unavailable to him prior to the expiration of the statutory period of limitations and thus would not toll the statute of limitations. Accordingly, the undersigned finds this habeas petition is untimely and should be dismissed.[5]

## CONCLUSION

Wherefore, it is RECOMMENDED that the respondent's Motion for Summary Judgment (#19) be GRANTED and the Petitioner's Motion to Amend (#25) be DENIED and the habeas petition be DISMISSED with prejudice.

IT IS FURTHER RECOMMENDED that the Petitioner's Motions for Discovery (#9) and to Compel (#14) be DENIED, as moot.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

November 27, 2007
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

[5]The court notes that the respondent states if the court does not find this habeas petition barred by the statute of limitations, that he be allowed to brief the merits of the petition. (Res'p's Mem. Supp. Summ. J. Mot. n 1.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).