IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lamansda McClure, ) | |
| ) | C/A No. 8:07-0461-MBS |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Colie Rushton, Warden of McCormick ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Lamansda McClure is an inmate of the South Carolina Department of Corrections who currently is housed at the McCormick Correctional Institution in McCormick, South Carolina. Petitioner, appearing pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

This matter is before the court on Respondent's motion for summary judgment, which motion was filed June 11, 2007. By order filed June 12, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a memorandum in opposition to Respondent's motion on July 12, 2007.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. The Magistrate Judge filed a Report and Recommendation on November 28, 2007, in which she determined that Petitioner's § 2254 petition is untimely under 28 U.S.C. § 2244(d). Accordingly, the Magistrate Judge recommended that Respondent's motion for summary judgment be granted. Petitioner filed

objections to the Report and Recommendation on December 17, 2007.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS

Petitioner was indicted in Spartanburg County, South Carolina in 1991 for murder, assault and battery with intent to kill, and armed robbery. A jury convicted Petitioner on December 16, 1991. On December 18, 1991, the Honorable James B. Stephens sentenced Petitioner to life imprisonment for murder; a consecutive twenty year term for assault and battery with intent to kill; and a consecutive twenty-five year term for armed robbery.

Petitioner filed a timely notice of appeal. The South Carolina Office of Appellate Defense filed a brief on behalf of Petitioner. The conviction was affirmed by the South Carolina Court of Appeals on January 24, 1994. See State v.McClure, 440 S.E.2d 404 (S.C. Ct. App. 1994). A petition for writ of certiorari was filed to the South Carolina Supreme Court on April 4, 1994. The South Carolina Supreme Court denied the petition on October 20, 1994.

Petitioner filed an application for post-conviction relief (PCR) on July 6, 2005. A hearing was held before the Honorable Roger L. Couch on May 25, 2006. On July 12, 2006, the PCR judge signed an order dismissing the PCR application as time barred. A notice of appeal was filed on

Petitioner's behalf on August 7, 2006. The South Carolina Supreme Court dismissed the appeal by order signed August 31, 2006, on the grounds that Petitioner failed to show that there was an arguable basis for asserting that the determination by the lower court was improper. See S.C. App. Ct. R. 227(c). Petitioner filed the within action on or about February 20, 2007.

The with petition is governed by the terms of 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996.

## II. DISCUSSION

Petitioner contends that the Magistrate Judge erred in finding that the within § 2254 petition is untimely. The court disagrees.

Title 28, United States Code, section 2244(d) provides:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because Petitioner's conviction was finalized prior to the enactment of the AEDPA, Petitioner had until April 24, 1997 to file his federal habeas corpus action unless the period was at any time tolled. As set forth hereinabove, Petitioner did not file a PCR application until July 6, 2005. Petitioner's one-year period to seek federal review was at no time tolled because state collateral review was pending. Petitioner's § 2254 motion is time-barred.

Petitioner asserts that the court should disregard the procedural bar because he is actually innocent. A petitioner who can show actual innocence can allow a federal court to consider the merits of a claim that otherwise would be procedurally defaulted. See Murray v. Carrier, 477 U.S. 478, 496 (1986). Although the Court of Appeals for the Fourth Circuit has not yet addressed the issue, some courts have held that, as a general matter, a claim of actual innocence will not excuse failure to comply with the statutory mandates of § 2244(d)(1). See Flanders v. Graves, 299 F.3d 974 (8th Cir. 2002). Other courts have recognized an actual innocence exception to the limitations period. See Souter v. Jones, 395 F.3d 577 (6th Cir. 2005).

Assuming without deciding that a claim of actual innocence would allow the court to disregard the procedural bar, Petitioner cannot prevail. To establish actual innocence, Petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Schlup v. Delo, 513 U.S. 298, 327-28 (1995). Petitioner has made no such showing. The court concludes that the within § 2254 motion is untimely.

### III. CONCLUSION

The court adopts the Report and Recommendation and incorporate it herein by reference. Respondent's motion for summary judgment (Entry 19) is **granted** and the § 2254 petition is

dismissed, with prejudice.

    **IT IS SO ORDERED**.

                                                  /s/ Margaret B. Seymour
                                                  United States District Judge

March 12, 2008

Columbia, South Carolina

### NOTICE OF RIGHT TO APPEAL

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**